**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| APRIYANTO, | No. 10-73096 |
| Petitioner, | Agency No. A072-901-908 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Apriyanto, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the denial of motions to reconsider, *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007), and we deny the petition for review.

As a preliminary matter, we deny Apriyanto's motion requesting that the court take judicial notice of the 2010 United States Department of State International Religious Freedom Report. *See* 8 U.S.C. § 1252(b)(4)(A); *Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record). We also reject Apriyanto's request that the court reconsider its stance on whether there is a pattern or practice of persecution of Christian Indonesians.

We do not address Apriyanto's contention regarding asylum because this claim was not addressed by the BIA, *see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (this court's review is limited to grounds relied upon by the BIA), and Apriyanto does not argue the BIA erred, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Apriyanto's motion to reconsider his withholding of removal claim in light of this court's disfavored group cases, because Apriyanto did not demonstrate sufficient individualized risk to establish it is more likely than not that he would be persecuted. *See Halim v.*

2

*Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant").

**PETITION FOR REVIEW DENIED.**